SCHREIBER & SONS, who sue as well for the United States as for themselves, *v.* CHARLES SHARPLESS & SONS.*

(*District Court, E. D. Pennsylvania.* February 7, 1881.)

1. ACTION FOR PENALTY—PRINCIPAL NOT LIABLE FOR ACTS OF AGENT.
    Where suit is brought to recover a penalty imposed by statute, the doctrines of principal and agent, which prevail in civil transactions, are inapplicable, and the principal is not responsible for acts of his agent done without his knowledge.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

2. COPYRIGHT—COPYING AND PUBLISHING COPYRIGHTED PHOTOGRAPH—
SECTION 4965, REV. ST.—SUIT AGAINST FIRM FOR STATUTORY PEN-
ALTY—FIRM NOT LIABLE FOR ACTS OF AGENT DONE WITHOUT ITS
KNOWLEDGE—RIGHT OF RECOVERY AGAINST ONE PARTNER ALONE.

A superintendent, employed by a dry goods firm, caused, without
the knowledge of the firm, lithographic copies to be made of a copy-
righted photograph, and sent them to the dyer employed by the firm,
who attached them as labels to certain goods. These goods were then
sent to the store of the firm, where they were sold. Prior to such
sale a piece of the goods, with the label attached, together with the
copyrighted photograph, was shown to one of the partners, who ex-
pressed his approval. None of the other partners ever had any
knowledge of the transaction. In a *qui tam* action by the proprie-
tor of the copyrighted photograph against the firm, to recover the
statutory penalty imposed by section 4965, Rev. St., *held*, that the
copying and publishing (if the term "publish" in the statute had
reference to pictures) had been completed prior to the time when
the goods reached defendants' store. *Held, further*, that the statute
being penal, defendants were not responsible for the acts of their
agent done without their knowledge.

*Quære*, whether, if plaintiff had so elected at the trial, the suit
could have been regarded as against the several members of the firm
individually, and a recovery sustained against the one alone who was
shown the copies.

This was a *qui tam* action brought under section 4965, Rev.
St.,* by Schreiber & Sons, who sued, as well for the United
States as for themselves, against Charles L. Sharpless, Henry
W. Sharpless, and Charles W. Sharpless, "trading as Sharp-

---

*This section reads as follows: "If any person, after the recording of
the title of any map, chart, musical composition, print, cut, engraving, or
photograph or chromo, or of the description of any painting, drawing,
statue, statuary, or model or design intended to be perfected and executed
as a work of the fine arts, as provided by this chapter, shall, within the
term limited, and without the consent of the proprietor of the copyright
first obtained in writing, signed in presence of two or more witnesses, en-
grave, etch, work, copy, print, publish, or import, either in whole or in
part, or by varying the main design with intent to evade the law, or, know-
ing the same to be so printed, published, or imported, shall sell or expose
to sale any copy of such map or other article, as aforesaid, he shall forfeit
to the proprietor all the plates on which the same shall be copied, and
every sheet thereof, either copied or printed, and shall further forfeit one
dollar for every sheet of the same found in his possession, either printing,
printed, copied, published, imported, or exposed for sale; and in case of
a painting, statue, or statuary, he shall forfeit ten dollars for every copy
of the same in his possession, or by him sold or exposed for sale—one-half
thereof to the proprietor and the other half to the use of the United States."

less & Sons," to recover the statutory penalty for the copying, publishing, and selling by defendants of a photograph copyrighted by plaintiffs. The *narr.* contained four counts, respectively, charging defendants with copying and printing, publishing, exposing to sale, and selling the said photograph. Defendants pleaded "not guilty." On the trial the evidence disclosed the following facts: Plaintiffs, who were photographers, had made and copyrighted a photograph of the elephant "Hebe" and her baby "Americus." Notice of the copyright was printed on each copy of the photograph. The defendants were dry goods merchants in Philadelphia. The superintendent of their domestic department (Mr. Thornton) desired a new label for certain goods. Seeing one of plaintiffs' photographs he bought it, took it to a lithographer, and, without the consent of plaintiffs, caused a lithographic copy to be made and 15,000 copies thereof to be printed for labels. Five thousand of these copies were sent to the defendants' dyer and the remainder were sent directly to the defendants' store. The dyer attached these labels to 2,800 pieces of goods, which he sent to defendants' store, where they were exposed to sale and about 200 pieces sold. About 200 circulars, also, with the lithographic copy upon them, were distributed gratuitously. The defendants did not personally know anything about the matter until the labelled goods arrived at their store, when Mr. Thornton took a piece of the goods with the label on it, together with the photograph containing the notice of copyright, to Mr. Charles L. Sharpless, and exhibited them to him. He expressed his approval, and the goods were afterwards sold and the circulars distributed, as already stated. None of the other members of the firm knew anything about the matter. The court charged the jury that the defendants were not liable for the act of their agent done without their knowledge; that if the word "publish" was applicable to a picture, these copies were published by sending them to the dyer, and his use of them before Charles L. Sharpless had any knowledge of their existence; and that the evidence did not warrant a recovery, and their verdict should, therefore, be for defendants. The verdict was

for defendants. Plaintiffs obtained a rule for a new trial. *McKennan*, C. J., was present at the argument of the rule.

*H. P. Brown*, Asst. Dist. Att'y, and *John K. Valentine*, Dist. Att'y, for the United States.

*F. Carroll Brewster*, for Schreiber & Sons.

*E. Hunn, Jr.*, for defendants.

BUTLER, D. J. At the trial, the court, after referring to the fact that suit is against the firm of Charles Sharpless & Sons, charged that the claim of the plaintiffs is twofold,— *First*, for copying the picture, and *second*, for publishing the copies. That as respects the first, the evidence shows the copying to have been done by the firm's employe, Mr. Thornton, without its assent or knowledge, and that it was not, therefore, responsible for his act; that the suit being brought to recover a penalty, the doctrines of principal and agent, which prevail in civil transactions, are inapplicable. That as respects the claim for publishing, if it be admitted that the term "publish," as employed in the statute, has reference to pictures, there is no evidence that the defendants published the copies procured by Mr. Thornton; that, as the evidence shows, a number of the copies were taken to the store by Mr. Thornton, and others sent to the dyers, where they were affixed to goods, which were subsequently taken to the defendants' store; that Charles Sharpless first saw the copies when the goods arrived, and was then informed of Mr. Thornton's acts in procuring them; that a part of the goods were subsequently sold, with the labels attached; that the publication of the copies had been made by Mr. Thornton and the dyer, before the attention of Mr. Sharpless was called to the subject; and that the other members of the firm never had any knowledge respecting it. The jury was, therefore, instructed that the evidence did not warrant a recovery, and to render a verdict for the defendants.

The only question presented on the trial, and the only question now presented, is, can the defendants be held responsible, under the statute, for what was done by its agent or agents, in pursuance of their employment, without its knowledge? On the trial I believed it could not; and after hearing the

plaintiffs' counsel on this motion for a new trial, I believe so still. The case of *Stockwell* v. *U. S.* 13 Wallace, 548, draws a distinction between remedial, or compensatory statutes, and *penal* statutes. That the statute here involved is penal, is not open to doubt.

If the suit might be regarded as against the several members of the firm individually, and a recovery be sustained against Charles Sharpless alone, for publishing, a question might possibly arise whether the case should have gone to the jury, as upon a suit against him only. No such claim having been made, however, at the trial, this aspect of the case was not considered. As the record stands, ·I incline to believe the claim, if made, must have been denied.

The rule, therefore, is discharged.

McKENNAN C. J. concurred.